*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
May 28, 2020

v

No. 346615
Shiawassee Circuit Court
LC No. 2018-002843-FC

MICHAEL DOUGLAS BROOKS,

        Defendant-Appellant.

Before: SWARTZLE, P.J., and GLEICHER and M. J. KELLY, JJ.

GLEICHER, J. (*concurring in part and dissenting in part*).

A jury convicted defendant Michael Brooks of first-degree criminal sexual conduct. The court imposed a departure sentence of 50 years' imprisonment—double the mandatory 25-year minimum sentence designated by the Legislature, and more than double the top of Brooks' advisory guidelines score. When sentenced, Brooks was 50 years old.

The majority holds that the trial court adequately justified the substantial extent of the departure. I respectfully dissent from that holding.

I

Criminal sexual conduct in the first degree is a terrible crime that usually leaves the victims with permanent emotional wounds. Recognizing this, the Legislature has decreed that those convicted for first-degree criminal sexual conduct are subject to a *mandatory* minimum sentence of 25 years' imprisonment. "Legislatively mandated sentences are presumptively proportional[.]" *People v Brown*, 294 Mich App 377, 390; 811 NW2d 531 (2011). The trial court also calculated Brooks' sentencing guidelines, which yielded a minimum sentencing range of between 81 and 270 months—a top minimum sentence of just over 22 years. The guidelines represent another measure of proportionality. The legislatively mandated sentence and Brooks' sentencing range as calculated under the guidelines were fairly congruent.

The trial court concluded that Brooks' criminal record combined with "past instances of sexual assault" that had "escaped detection" before trial merited a departure sentence. I cannot agree that Brooks' conviction history was either distinctive or dreadful. His crimes were largely

low-severity felonies: car theft, fleeing and eluding, and driving while impaired. But I agree that the trial court did not abuse its discretion by deciding to impose a departure sentence based on the other-acts evidence the court heard at trial.

The court elucidated, "To the extent that past instances of sexual assault are credible predictors of future behavior, they trouble the court greatly." Based on that conduct and Brooks' criminal record, the court determined that rehabilitation was not "a likely goal." Further, the court explained, the guidelines did not adequately account for Brooks' "violation of trust represented by this offense," as Brooks sexually assaulted the young victim while she was in "her place of safety"—her home.[1] The court then concluded its explanation for imposing a departure sentence as follows:

> Having considered all of that, the Court concludes that a prolonged period of separation from society is justified. A lengthy term of incarceration will prevent you, Mr. Brooks, from committing future crimes, making this victim, and others like her, safe for the foreseeable future.
>
> Similarly, if there are others contemplating hurting the children of Shiawassee County, this sentence, this Court hopes, should serve as a reminder of the reality of the situation.
>
> It's this Court's mission to ensure every litigant receives fair treatment under the law, but fairness is not indulgence. Our children, they're off-limits – they are and they will be protected by this justice system.
>
> With the aggravated factors listed by the Court, the Court finds it appropriate to consider this case as though you receive the maximum possible score for Offense Variables under the guidelines, and that produces a guideline minimum range of two hundred and twenty-five (225) months to seven hundred and fifty (750) months.

The majority holds that the trial court appropriately justified the extent of the departure by calculating the "maximum possible score" for the offense variables and applying the score to Brooks. Brooks contends that scoring all the offense variables and using that score as a reference point made no sense, as most of them were inapplicable to him or the case. The majority denies that the court scored *all* the OVs, averring that "the trial court translated the facts not considered by the guidelines and approximated where the guidelines would have been had the unaccounted-for facts been accounted for." According to the majority, "[t]he court determined that the unaccounted-for facts were the equivalent of a score of 85 . . . additional OV points[.]"

How did the trial court come up with the additional 85 points? I have no idea which OV scores were "unaccounted for;" neither the trial court nor the majority have provided this critical information. Based on my review of the evidence and the OVs available for scoring, Brooks

---

[1] Brooks was assessed 15 points under offense variable 10 for "predatory conduct," the maximum score possible.

received points under all that were applicable. OV 1 and OV 2 involve the use of a weapon, and no weapons were used during any of the alleged assaults. OV 3 concerns physical injury to a victim. It was scored as zero in Brooks' sentencing information report, and no evidence of record supports any other score. OV 4 addresses psychological injury and this variable, too, was scored at 0. It makes sense that Brooks' assaults caused psychological injury; a maximum score of 10 points could have been assigned using the court's methodology. I must assume that the record lacked evidence of psychological injury, preventing this variable from being scored.

OV 7 applies to aggravated physical abuse; none was reported in this case. OV 8 addresses victim asportation or captivity. This variable was scored at zero, and no evidence supports a score regarding any of Brooks' victims. OV 9 is scored when more than one victim was placed in danger of death or physical injury and is inapplicable. OV 10, which addresses the exploitation of a vulnerable victim, was scored at 15 points. OV 11 permits scoring based on sexual penetration, but could not be scored in this case because the single penetration forming the basis of the offense may not be counted. See MCL 777.41(2)(c). None of the other OVs are relevant here.

According to the majority, the trial court scored some of the OVs based on "unaccounted-for facts" not considered by the guidelines. I confess that I do not know what this means. Which facts were "unaccounted for?" What were the scores that corresponded to those "facts?" On what evidence did the trial court rely? If the offense variables did not "consider" the "unaccounted for" facts, on what basis could they possibly be scored? The trial court obviously did some math, but it has failed to show its work. Absent that showing, this Court cannot meaningfully review whether the extent of the departure was reasonable and proportionate.

When a trial court elects to impose a departure sentence, it must "justify the sentence imposed to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citations omitted). "A sentence cannot be upheld when the connection between the reasons given for the departure and the extent of the departure is unclear." *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008). In *Dixon-Bey*, 321 Mich App at 529, this Court stressed that if the reasons for a particular departure are unclear, an appellate court is not empowered to fill in the gaps by substituting its own proportionality judgment. We should not fill in facts based on our appellate imaginations or make up offense variable scores, either.

The trial court doubled an already substantial sentence, ensuring that Brooks will spend the rest of his life in prison. I discern little in Brooks' crime or his background that merits such a steep departure. The legal question is whether the trial court adequately explained why an additional 25 years' imprisonment is proportionate to the offense and the offender. It did not. I would vacate Brooks' sentence and remand for resentencing.

/s/ Elizabeth L. Gleicher